IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHEL KABEJA, ELINE NYIRAMBANJIKA,
JACQUES MWISENEZA, UWIZEYE NYIRAMWIZA,
MARTIN SHEMA, individually, and JACQUES
MWISENEZA, as Kinship Guardian for Minor Children
Y.M., K.K., K.M., and A.N.,

      Plaintiffs,

vs.                                                                                                  No. 1:20-cv-00189-LF-KK

JKC TRUCKING INC., a foreign company,
KRZYSZTOF BRODNICKI, and
SAFEWAY INSURANCE COMPANY,

      Defendants.

## ORDER APPROVING SETTLEMENT
## WITH SAFEWAY INSURANCE COMPANY

THIS MATTER comes before me on the parties' Joint Motion for Approval of the Settlement of Minors' Claims, filed on July 22, 2021. Doc. 96. The parties consented to me to make a final disposition in this case. Docs. 3, 14, 15, 105. I extended the appointment of the guardian ad litem ("GAL") for the minor children for the purpose of reviewing the settlement with Safeway Insurance Company (Doc. 100), and I've carefully reviewed the GAL's supplemental report (Doc. 104).[1] I conducted a fairness hearing on August 11, 2021 via Zoom. *See* Doc. 106 (clerk's minutes). At the hearing, Dathan Weems appeared on behalf of all plaintiffs. Jacques Mwiseneza, the kinship guardian for the three minor children,[2] also

---

[1] The Court previously found that the GAL, Lucinda R. Silva, Esq., was well qualified to act as GAL in this case. Doc. 70 at 1. A copy of her resume, which outlines her qualifications to act as GAL, is attached to the supplemental briefing filed on May 4, 2021. *See* Doc. 69.

[2] When this case began, there were four minor children, but Y.M. has since become an adult. Doc. 104 at 1. The parties agreed at the fairness hearing that the Court did not need to approve the settlement with Safeway Insurance Company on behalf of Y.M.

appeared.  Christopher Tebo and Kevin Maxwell appeared on behalf of defendants JKC Trucking, Inc., and Krzysztof Brodnicki.  Nathan Winger appeared on behalf of defendant Safeway Insurance Company ("Safeway").  Lucinda R. Silva appeared as the court-appointed GAL for the three minor children, K.K. (a/k/a C.K.), K.M., and A.N.  For the reasons explained below, I approve the settlement agreement between plaintiffs and defendant Safeway Insurance Company as it relates to the three minor children.

The Court reviews settlements involving minor children for fairness.  *See Thompson v. Maxwell Land-Grant and Railway Company,* 168 U.S. 451, 463–65 (1897).  Before approving such an agreement, the Court must ensure that the interests of the children will be adequately protected.  *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (courts have a general duty to protect the interests of minors); *see also United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (When interests of minors are at stake, the trial judge has an obligation to see that the children were properly represented by their representatives and by the Court.); *Salas v. Brigham*, No. 1:08-cv-01184-JB-RLP, Doc. 284 at 3, 2010 WL 11601205, at *2 (D.N.M. Dec. 22, 2010) (unpublished) ("New Mexico courts and federal courts have traditionally supervised settlements benefitting minors and incapacitated adults, reviewing the proposed settlement to ascertain whether the agreement promotes the best interest of the minor or incapacitated beneficiary.").

The parties and facts of this case are described in more detail in the original GAL report (Doc. 75) and the Court's order approving the settlement between the plaintiffs and defendants JKC Trucking and Krzysztof Brodnicki (Doc. 80); I won't repeat those details here.  This case arises out of a car accident in which the minor children's parents, Michel Kabeja and Eline

Nyirambanjinka,[3] suffered catastrophic injuries. A.N. also suffered physical injuries but has since recovered. K.K. (a/k/a C.K.) and K.M. were not in the car and were not involved in the accident. Their damages consist entirely of potential future mental health care expenses and loss of consortium claims related to their parents.

Defendant Safeway insured the vehicle that Michel Kabeja was driving when the accident occurred. Doc. 104 at 3. Eline Nyirambanjinka and her children presented a claim on the insurance policy for the damages she and her children suffered as a result of the accident. *Id.* Sedgewick CMS also made a claim under the policy seeking reimbursement for money it paid under a worker's compensation policy for injuries sustained by defendant Brodnicki. *Id.* The total amount of coverage provided by the Safeway insurance policy was the minimum required under New Mexico law. *Id.* All parties agreed at the fairness hearing that the maximum possible recovery from Safeway was determined by the policy liability limits itself; there was no coverage for medical payments, and no underinsured motorist coverage or stacking provisions that could have increased the available coverage. Sedgewick's original demand under the Safeway policy was for more than 94% of the available insurance proceeds. Given the catastrophic injuries suffered by Ms. Nyirambanjinka, Safeway tendered the policy limits to resolve all the claims. Sedgewick and counsel for Ms. Nyirambanjinka and her children subsequently engaged in negotiations to determine how the insurance proceeds would be divided. Mr. Weems, on behalf of Ms. Nyirambanjinka and her children, negotiated Sedgewick's claim down to a fraction of its original demand, leaving the bulk of the insurance

---

[3] The GAL report states that this is the spelling of Ms. Nyirambanjinka's last name as it appears on her government-issued identification. Doc. 75 at 1 n.2. The Court will use this spelling throughout the rest of this order.

proceeds for Ms. Nyirambanjinka and her children. The settlement amount with Safeway and its allocation among Ms. Nyirambanjinka and her children is outlined in the supplemental GAL report. Doc. 104 at 2. As part of the settlement, Sedgewick and defendant Brodnicki agreed to release Mr. Kabeja from any additional claims they may have against him.

At the fairness hearing on August 11, 2021, the GAL presented her report, and Mr. Mwiseneza testified. Counsel also made their presentations and answered questions from the Court. I have considered the evidence and argument presented during the hearing on August 11, 2021, in addition to the evidence and argument presented at the hearing on May 24, 2021. I also have considered the original and supplemental GAL reports, and the basic terms of the proposed settlement with Safeway, which are outlined in the supplemental GAL report. I find that the proposed settlement satisfies the four factors set forth in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984), which the court considers when deciding whether to approve a settlement. These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; . . .(4) the judgment of the parties that the settlement is fair and reasonable." *Id*. I also find that the settlement is in the best interests of the minor children. *See Garrick*, 888 F.2d at 693.

I find that the proposed settlement with Safeway and the total amount of the settlement were fairly and honestly negotiated. Once plaintiffs reached a settlement with defendants JKC Trucking and Brodnicki, Mr. Weems entered negotiations with Sedgwick over the Safeway insurance funds. Mr. Weems originally tried to get Sedgewick to walk away from its claim. Although he was unsuccessful in getting Sedgewick to relinquish its claim entirely, Mr. Weems

convinced Sedgewick to accept a much smaller amount than it originally sought. During these negotiations, Mr. Weems discussed Sedgewick's demands with Mr. Mwiseneza, and Mr. Mwiseneza agreed to the final settlement after consulting with Mr. Weems. Mr. Weems described the settlement process, and Ms. Silva confirmed that the written materials she reviewed were consistent with what Mr. Weems described. Mr. Weems recognized that compromising with Sedgewick and allowing it to recover a relatively small amount on its subrogation claim was far more cost effective than engaging in extensive litigation to recover the full amount of the Safeway insurance proceeds. Ms. Mwiseneza testified that he believed the settlement was fair and reasonable, that he was not threatened or coerced into agreeing to the settlement, and that he wanted the Court to approve the settlement. He also testified that he understood that the settlement resolves all his family's claims against Safeway, and that the funds allocated to the minor children would be added to the Kabeja Family Residential Irrevocable Trust as outlined in the supplemental GAL report. The settlement was honestly and fairly negotiated.

  Having heard from the parties and having reviewed the GAL's original and supplemental report, I also find that serious questions of law and fact place the outcome of this litigation in doubt. The issue of comparative fault is central to this case, and there is a substantial likelihood that Mr. Kabeja would be found primarily or even entirely at fault for the accident. Under these circumstances, Sedgewick likely would recover something on its subrogation claim even though the damages suffered by Ms. Nyirambanjinka were catastrophic. Given the limited amount of insurance proceeds available, it is reasonably likely that the minor children's recovery would be less than the settlement amount if the case against Safeway were litigated further.

I further find that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. In her supplemental report, the GAL explains that engaging in litigation to recover the entire amount of the Safeway insurance proceeds would require the family to hire a different lawyer, and the cost of the litigation would quickly become greater than any additional recovery. The bulk of the Safeway insurance proceeds are going to Ms. Nyirambanjinka and her children, which would not be guaranteed if the case were litigated further. The proceeds from the settlement will be used to supplement Ms. Nyirambanjinka's special needs trust account and provide the minor children with additional funds to add to the residential trust, which will be used to help maintain the house that plaintiffs are in the process of buying with the funds from the JKC Trucking settlement. A safe, stable, and more comfortable home will help the minor children succeed in school while living in close proximity to their parents and adult siblings.

The allocation of the funds also is fair and reasonable. As shown in the supplemental GAL report, Ms. Nyirambanjinka will receive half the Safeway settlement proceeds because her injuries were so substantial. *See* Doc. 104 at 2. A.N. will receive the bulk of the remaining proceeds because he also was injured in the accident, and he is the youngest child and will be deprived of his parents' financial support and physical and mental abilities for the longest portion of his childhood. K.K. (a/k/a C.K.) and K.M. will receive small amounts that are equal to each other, but which are slightly greater than what the adult children will receive. All the funds for the minor children will be placed in a family residential trust which can be accessed to maintain the family home, and excess funds may be used to pay expenses necessary or desirable for the health, education, support and maintenance of the child as an advance against that child's share

in the trust. Each minor child's share in the trust will be adjusted in proportion to the amount that child contributes from the Safeway insurance proceeds.

Once the family trust is no longer necessary, the family residence will be sold and the proceeds from the sale, along with the remaining trust corpus, will be distributed to the children in the relative proportions to which each contributed, adjusted for any advance. The allocation of the settlement funds and the structure of the settlement will help to provide stable housing for the family while Mr. Kabeja and Ms. Nyirambanjinka are living, and also will safeguard the funds to help support the minor children while they are growing up and assist them in early adulthood to help pay for higher education or other necessary expenses. I find that adding each minor child's share of the Safeway settlement funds to the Kabeja Family Residential Irrevocable Trust is appropriate and in the best interests of the minor children.

The supplemental GAL report also reviewed the attorney's fees and litigation costs that will be paid out of the settlement funds. Mr. Weems has reduced his fees substantially, and there are no costs associated with the Safeway settlement proceeds. Ms. Nyirambanjinka and her children will pay the attorney's fees in proportion to each person's recovery. The fee agreement with regard to the Safeway settlement provides for a percentage of the settlement proceeds that is substantially below what typically is charged in other personal injury cases. I find that the attorney's fees are reasonable and should be paid from the settlement funds as described in the supplemental GAL report. *See* Doc. 104 at 11–12. Defendant Safeway will pay the additional GAL fees associated with the supplemental report and the fairness hearing on August 11, 2021.

All counsel, the GAL, and Mr. Mwiseneza believe that the settlement with Safeway is fair and reasonable, and I agree. I find that the settlement with Safeway is in the best interests

of the minor children, and that the allocation and distribution of the settlement proceeds also are in their best interests. The *Jones* factors are satisfied. I therefore approve the proposed settlement between Ms. Nyirambanjinka and her children and defendant Safeway as it relates to K.K. (a/k/a C.K.), K.M., and A.N., the minor children of Mr. Kabeja and Ms. Nyirambanjinka. Specifically, the total settlement amount is approved, the allocation and distribution of the settlement proceeds as outlined in the supplemental GAL report is approved, and the payment of plaintiffs' attorney's fees as outlined in the supplemental GAL report is approved. The minor children's net proceeds from the Safeway settlement will be added to the Kabeja Family Residential Irrevocable Trust, dated August 5, 2021, as outlined in the supplemental GAL report (Doc. 104). Ms. Silva is released from her duties as guardian ad litem, and defendant Safeway shall pay her fees associated with preparing the supplemental GAL report and participating at the hearing on August 11, 2021. The parties will file closing documents no later than Monday, September 20, 2021, absent a written motion showing good cause for an extension.

    **IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent